IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT GAITHER, JR.,<br><br>Defendant. | Case No. 21-CR-30112-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Petitioner Robert Gaither, Jr. (Doc. 68). For the reasons set forth below, the Court denies the Motion.

### FACTUAL & PROCEDURAL BACKGROUND

In July 2021, Gaither was indicted on one count conspiracy to distribute and possess with intent to distribute controlled substances: cocaine base and cocaine and two counts of distribution of controlled substance: cocaine base. (Doc. 1). He later pleaded guilty to an information under 21 U.S.C. § 841(b)(1)(C) to avoid a mandatory minimum sentence. (Doc. 49). In May 2023, the Court sentenced Gaither to forty-eight months imprisonment and a total term of supervised release of three years. (Docs. 63, 66).

In January 2024, Gaither filed a motion in this Court seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that he has not received

adequate medical care for his hypertension, sleep apnea, atrial fibrillation, and diabetes and that he is needed by his wife to help care for his home and grandchild. (Doc. 68).

## APPLICABLE LAW

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

After such a motion is filed, either by the Director of BOP or by the defendant, the Court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement sets forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by

the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). *Id*. If an inmate can show that one of the eligibility criteria is applicable, a court must then assess whether a reduction would be appropriate under the statutory sentencing factors described in 18 U.S.C. § 3553(a). *Id*. Lastly, a court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *Id*.

Several courts have confronted the issue of whether—in light of the First Step Act and its grant of authority to defendants to file their own compassionate release motion—the "catch all" provision of Subsection D is still limited only to the BOP Director's determination of whether extraordinary and compelling circumstances exist or whether a court may make that determination. The Seventh Circuit Court of Appeals has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *See United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). Additionally, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton,* 996 F.3d 485, 488 (7th Cir. 2021).

## ANALYSIS

In his motion, Gaither listed his medical conditions and family circumstances as his reasons for requesting compassionate release. But Gaither's arguments for a sentence reduction are not extraordinary and compelling.

Gaither suffered from hypertension, sleep apnea, and diabetes at sentencing in this case (Doc. 61, p. 15). Gaither also complained of chest pains and was later

diagnosed with atrial fibrillation while in BOP custody. (Doc. 61, p. 15; Doc. 74-1, p. 26). Nothing Gaither presents here is a departure from his previous health conditions at sentencing that would justify a reduction in sentence. Additionally, the medical records prove that BOP is providing more than adequate treatment for his medical conditions and that he is not suffering any serious deterioration in health.

Furthermore, Gaither's concern for his grandchild simply does not constitute an "extraordinary and compelling reason" that warrants a sentence reduction. Difficulties that incarcerated individuals face in caring for minor children are an unfortunate but not "extraordinary and compelling" circumstance. *See United States v. Kibby*, 2021 WL 2009568, at *3 (S.D. Ohio May 20, 2021); *see also United States v. Cole*, 2021 WL 194194, at *2 (E.D. Mich. Jan. 20, 2021).

As a result, the Court **FINDS** that Gaither's health is not an extraordinary and compelling reason to warrant a sentence reduction. Furthermore, the Court **FINDS** that his family circumstances are not an extraordinary and compelling reason to warrant a sentence reduction.

Even supposing that the Court finds Gaither's health and his concern for his grandchild constituted "extraordinary and compelling reasons," the requirement that Gaither not be "a danger to the safety of any other person or to the community" weighs significantly against releasing him. *United States v. Elliott*, 2021 WL 1102401, at *4 (S.D. Ill. Mar. 23, 2021). Gaither's Presentence Investigation Report indicated that he had a previous state drug trafficking offenses. (Doc. 61). Furthermore, Gaither could not even stay compliant while on bond for the instant offense. (*Id.*). Despite this, he pleaded to an information that eliminated his mandatory minimum and the

Government agreed to start at an advisory Guideline range of 27-33 months, which the Court rejected. (Doc. 52).

Because Gaither has not shown an extraordinary and compelling reason warranting a sentence reduction, the Court need not discuss at length whether the § 3553(a) factors favor release. *See United States v. Ugbah,* 4 F.4th 595, 598 ("The § 3553(a) factors need to be discussed only 'to the extent they are applicable' —all a district judge needs to do is provide a sufficient reason for the decision. One good reason for denying a [compassionate release motion] is enough; more would be otiose.") That said, Gaither is a repeat drug offender who flouted the restrictions of his bond and already avoided a mandatory minimum sentence in this case. Releasing Gaither to home confinement would diminish the seriousness of his offenses.

## CONCLUSION

For these reasons, the Motion for Compassionate Release (Doc. 68) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** **August 23, 2024**

> **s/ *Stephen P. McGlynn*** 
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**